FILED

√G
JUL - 9 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 09-60331-B-11
)
Mario Tomas Monterrosa, Jr. ) DC No. UST-1
and Shannon Lee Monterrosa, )
)
Debtors. )
_____)

**MEMORANDUM DECISION REGARDING UNITED STATES TRUSTEE'S
MOTION FOR DISMISSAL PURSUANT TO 11 U.S.C. § 1112(b)**

This disposition is not appropriate for publication. Although it may cited for
whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no
precedential value. See 9th Cir. BAP Rule 8013-1.

Gregory S. Powell, Esq., appeared on behalf of the movant, Sara L. Kistler, Acting
United States Trustee (the "UST").

M. Nelson Enmark, Esq., appeared on behalf of the debtors, Mario Tomas
Monterrosa, Jr., and Shannon Lee Monterrosa (the "Debtors").

The UST moves to dismiss this case pursuant to 11 U.S.C. § 1112(b)(1)(F)[1]

(the "Motion"). The UST asks that the case be dismissed based on the Debtors'

failure to timely file their initial monthly operating reports. For the reasons set forth

below, the Motion will be denied without prejudice.

_____

[1]Unless otherwise indicated, all chapter, section and rule references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy
Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the
effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,
Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

75

1    This memorandum decision contains the court's findings of fact and

2    conclusions of law required by Federal Rule of Civil Procedure 52(a), made

3    applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052.

4    The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C.

5    § 1112(B), and General Orders 182 and 330 of the U.S. District Court for the

6    Eastern District of California. This is a core proceeding as defined in 28 U.S.C.

7    § 157(b)(2)(A).

8    **Findings of Fact.**

9        The Debtors filed a voluntary petition for relief under chapter 11 of the

10   Bankruptcy Code on October 26, 2009. The Debtors are individuals and their

11   primary asset consists of their residence. The Debtors value the residence in

12   schedule A at $321,730. The residence is subject to a first mortgage stated in

13   schedule D to be $488,218. The residence is also subject to a second mortgage

14   stated in schedule D to be $272,410. The second mortgage appears to be wholly

15   unsecured and must therefore be counted as an unsecured debt for purposes of this

16   bankruptcy case. The Debtors report unsecured debts on schedule F in the amount

17   of $105,753. The total scheduled unsecured debt ($378,163), which includes the

18   second mortgage on the residence, exceeds the amount which would make these

19   Debtors ineligible for relief in chapter 13.[2] They therefore were compelled to seek

20   relief under chapter 11 in an effort to save their residence from foreclosure.

21       By February 10, 2010, the Debtors had not yet filed any operating reports for

22   the months of November and December 2009, or January 2010. Under

23   Fed.R.Bankr.P. 2015(a), the debtor in chapter 11 is required to, *inter alia*, "keep a

24   record of receipts and the disposition of money and property received." Pursuant to

25   this court's Local Rule 2015-1 monthly operating reports must be filed in all chapter

26

27      [2]At the time this case was filed, pursuant to § 109(e), an individual was not eligible
     for chapter 13 relief if his/her noncontingent, liquidated, unsecured debts equaled or
28   exceeded $336,900.

1  11 cases by the 15th day of the month following the reported month.  On February

2  10, 2010, the UST filed this motion seeking to dismiss the case for cause.  The

3  Debtors did file operating reports for those months on February 11, 2010.[3]

4  **Analysis.**

5          The UST seeks a ruling under 11 U.S.C. § 1112(b)(1) which states in

6  pertinent part:

7          (b)(1) Except as provided in paragraph (2) of this subsection,
           . . ., on request of a party in interest, and after notice and a

8          hearing, *absent unusual circumstances specifically identified by
           the court that establish that the requested conversion or*

9          *dismissal is not in the best interests of creditors and the estate,*
           the court shall convert a case under this chapter to a case under

10         chapter 7 or dismiss a case under this chapter, whichever is in
           the best interests of creditors and the estate, if the movant

11         establishes cause.  (Emphasis added.)

12         The term "cause" is defined in § 1112(b)(4)(F) to include "unexcused failure

13  to satisfy timely any filing or reporting requirement established by this title or by

14  any rule applicable to a case under this chapter."

15         The term "unusual circumstances" as used in § 1112(b)(1) "contemplates

16  conditions that are not common in chapter 11 cases." *In re LG Motors, Inc.*, 422

17  B.R. 116 (Bankr. W.D. Ill. 2009) (citations omitted).

18         Here, after review of the record, the court is persuaded that this case involves

19  unusual circumstances and that conversion or dismissal would not be in the best

20  interest of creditors.  The Debtors are individuals who find themselves thrust into

21  the complexity of chapter 11 solely because the structure of debt against their

22  residence makes them ineligible for chapter 13.  Their primary goal is to save their

23  residence which they can only accomplish, in theory, through confirmation of a

24  chapter 11 plan.  Their "condition" is not common in chapter 11 cases.  The

25  preparation of monthly operating reports requires a certain level of record keeping

26

27  ───────────────────

    [3]The operating reports which the Debtors filed were not properly prepared and had to

28  be amended.  Amended operating reports were filed on April 13, 2010.

                                          3

1  and accounting acumen which the court cannot automatically expect of individual
2  debtors.  There is nothing in the record to suggest that conversion to chapter 7
3  would yield a better result for the unsecured creditors.
4        The UST offers no evidence in support of her motion to suggest that the
5  estate is diminishing.  Likewise, at the time this motion was filed, there was no
6  reason to conclude that the late operating reports resulted in prejudice to creditors,
7  or that the Debtors did not have a reasonable likelihood of rehabilitation.  If the case
8  is dismissed, the Debtors will most certainly lose their residence.  Under these
9  circumstances, the decision to terminate the bankruptcy case of an individual debtor,
10  who is trying to save his/her home, and who would be in chapter 13 but for the
11  amount of mortgage debt, should turn on facts more egregious and prejudicial to
12  creditors than the failure to timely file initial monthly operating reports.
13       **Conclusion.**
14       Based on the foregoing, the UST's Motion will be denied without prejudice.
15  Dated: July ___9___, 2010
16
17
18                                        W. Richard Lee
19                                        United States Bankruptcy Judge
20
21
22
23
24
25
26
27
28

4